UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,

                    **REPORT AND**
                    **RECOMMENDATION**
                    CV 15-3397 (JS)(AYS)

      -against-

LYNDA L. IRELAND, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
DANIELLE AND MICHAEL DENARDO d/b/a
DENARDOS LANDSCAPING, and TOWN OF
SOUTHAMPTON

                             Defendant.
------------------------------------------------------------X
**ANNE Y. SHIELDS, Magistrate Judge:**

       Plaintiff, United States of America ("Plaintiff"), commenced this action pursuant to 26 U.S.C. §§ 7401 and 7403 to recover unpaid tax liabilities and reduce to judgment federal income tax assessments against defendant Lynda L. Ireland ("Ireland"), to enforce the federal tax liens with respect to Ireland's federal income tax liabilities upon the property hereinafter described, and to sell the property. See Compl., Docket Entry ("DE") [1]. Plaintiff has named other parties with an interest in the property the Plaintiff seeks to enforce its tax lien against as defendants to this action. See Compl. ¶¶ 3-6. The other named defendants to this action are the Town of Southampton ("Southampton"), the New York State Department of Taxation and Finance ("NYSDTF"), Danielle Denardo and Michael Denardo (the "Denardos) (collectively "Defendants"). See Compl. Defendants have not filed an answer nor responded in any way to the Complaint. See ¶ 4, DE [31-1]; see ¶ 4, DE [37-1]. Plaintiff moved for a default judgment against Southampton, NYSDTF, and the Denardos. See DE [31], [37].

1

Presently before this Court, upon referral by the Honorable Joanna Seybert for Report and Recommendation, see DE [39], is Plaintiff's motion for a default judgment against Defendants Southampton, NYSDTF, and the Denardos. See DE [31], [37]. Based upon the information submitted by the Plaintiff and for the reasons stated below, this Court respectfully recommends that a default judgment be entered in favor of the Plaintiff.

BACKGROUND

I.  Factual Background

The property upon which the Plaintiff seeks to enforce its federal tax liens consists of real property located at 26 Harbor Wach Court, Sag Harbor, New York, in Suffolk County (the "Property"). See Compl. ¶ 7. The location is more fully described as:

> All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate lying and being at Noyack, in the Town of Southampton, County of Suffolk, State of New York, bounded and described as follows:
>
> Beginning at a point on the easterly side of Highview Drive distant northerly, as measured along the easterly side of Highview Drive the following two courses and distances from the northerly end of the curve connecting the easterly side of Highview Drive with the Northerly side of Island View Drive:
>
> (1) Along the arc of a curve bearing to the left having a radius of 402.39 feet for a distance of 216.82 feet; and
>
> (2) North 4 degrees 37' 20" West 94.92 feet; and from said point of beginning running thence along the easterly side of Highview Drive North 4 degrees 37' 20" West 100.00 feet; thence along the arc of a curve bearing to the left having a radius of 25.00 feet for a distance of 39.27 feet; thence North 85 degrees 22' 40" East 305.00 feet; thence South 4 degrees 37' 20" East 306.36 feet to land shown on map of Hillview Acres—Section 1, Map no. 5431; thence along said last mentioned land the following two courses and distances:
>
> (1) South 81 degrees 49' 30" West 109.79 feet; and
>
> (2) South 86 degrees 36' 25" West 40.13 feet; thence North 4 degrees 37' 20" West 312.30 feet; and thence South 85 degrees 22' 40" West 155.00 feet; and thence along the arc of a curve bearing to the left having a radius of 25.00 feet for

> a distance of 39.27 feet to the easterly side of Highview Drive at the point or place of beginning.

Id. ¶ 7.

Plaintiff claims that a deed dated February 15, 1995, and recorded January 28, 1999, in Book 11942, at Page 261, in the land records of the Suffolk County's Clerk's Office, states that Steleos Strongelis "does hereby grant and release" to Lynda Ireland all of the Subject Property. See Compl. ¶ 12. In accordance with the dates of the tax assessments set above, pursuant to 26 U.S.C. §§ 6321 and 6322, Plaintiff asserts that federal tax liens arose in favor of the United States upon all property and rights to property belonging to Ireland. Id. ¶ 13. Plaintiff claims that these federal tax liens are attached to (1) all property and rights to property belonging to Ireland on the assessment dates and all after acquired property and (2) Ireland's interest in the Subject Property. Id. ¶¶ 14-15. On January 12, 2016, the Clerk of the Court entered a notation of default against Defendants Southampton and NYSDTF. DE [28]. On February 4, 2016, the Clerk of the Court entered a notation of default against the Defendants Denardos. DE [35].

Based on the foregoing allegations, Plaintiff claims that pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Ireland. See Compl. ¶13. Plaintiff requests that the federal tax liens upon the Property be sold in a judicial sale free and clear of any right, title, lien, claim or interest of any of the defendants. See id. Ad damnum. The Plaintiff further requests that the proceeds of the judicial sale be distributed to the United States toward satisfaction of Ireland's unpaid tax liabilities. Id. These unpaid tax liabilities concern the tax years ending December 31, 1998 through December 31, 2002, December 31, 2004, December 31, 2005, and December 31, 2011. Id. The Court now addresses the pending motion.

## DISCUSSION

I. <u>Default Judgment</u>

    A.    <u>Standard For Entry of Default Judgment</u>

Rule 55(a) of the Federal Rules of Civil Procedure requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Upon issuance of a certificate of default, the moving party may then make an application for entry of default judgment. See FED. R. CIV. P. 55(b). "A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations pertaining to liability are deemed true. <u>Gesualdi v. Blue Jay Estates Development Corp.</u>, 2015 WL 1247079, at *4 (E.D.N.Y. 2015) (citing Fed. R. Civ. P. 8(b)(6)). "A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability." See <u>Bambu Sales, Inc. v. Ozak Trading, Inc.</u>, 58 F.3d 849, 854 (2d Cir. 1995) (quoting <u>Trans World Airlines, Inc. v. Hughes</u>, 449 F.2d 51, 69 (2d Cir. 1971), <u>rev'd on other grounds</u>, 409 U.S. 363, 93 (1973)).

Despite being deemed admitted, the Plaintiff must demonstrate that all claims within the complaint are valid. See <u>Krevat v. Burgers to Go, Inc.</u>, 2014 WL 4638844, at *7 (E.D.N.Y. 2014) (citation omitted). Because a party in default has not admitted any conclusions of law, the Court must determine if the unopposed facts constitute a legitimate claim. <u>Balady, Inc. v. Elhindi</u>, 2014 WL 7342867, at *3 (E.D.N.Y. 2014); <u>see also</u> <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981) (acknowledging that after a default, the court has the authority to decide if the plaintiff has indicated a cause of action). When a party moves for a default judgment after its adversary has defaulted, the moving party is "entitled to all the evidence offered." <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009) (quoting <u>Au Bon Pain Corp.</u>,

653 F.2d at 65). "Allegations are not well pleaded if they are 'made indefinite or erroneous by other allegations in the same complaint[,] ... are contrary to facts of which the court will take judicial notice, ... are not susceptible of proof by legitimate evidence, or ... are contrary to uncontroverted material in the file of the case.'" AW Indus., Inc. v. Sleepingwell Mattress Inc., 2011 WL 4404029, at *4 (E.D.N.Y. 2011) report and recommendation adopted, 2011 WL 4406329 (E.D.N.Y. 2011) (quoting Trans World, 449 F.2d at 63). Also, "conclusory allegations based on information and belief" cannot provide a basis to support a finding of default-based liability. J & J Sports Prods., Inc. v. Daley, 2007 WL 7135707, at *3–4 (E.D.N.Y. 2007).

The district court has discretion in determining a motion for default judgment. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). The Court analyzes three factors when deciding a motion for default judgment. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-171 (2d Cir. 2001). These three guiding factors are: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." United States v. McDermott, 2014 WL 1272566, at *3 (E.D.N.Y. Feb. 14, 2014), report and recommendation adopted, 2014 WL 917267 (E.D.N.Y. Mar. 10, 2014) (quoting Mason Tenders Dist. Council v. Duce Constr. Corp., 2003 WL 1960584, at *2 (S.D.N.Y. Apr.25, 2003)). Thus, the Court examines the Plaintiff's claims regarding each Defendant to determine if the allegations set forth in the Complaint state valid claims.

B.  26 U.S.C. §§ 7401 and 7403

The United States requests the federal tax liens on the Property be enforced and the property be sold in a judicial sale. As is mandatory pursuant to 26 U.S.C. §7401, this suit was brought with the authorization of the Secretary of the Treasury and under the direction of the

Attorney General of the United States. Pursuant to 26 U.S.C. §7403(a), "where a person has failed to pay taxes, the United States may enforce its lien on any real property, and the attached interests, against a person who has failed to pay taxes." United States v. Aiello, 2013 WL 3998468, at *5 (E.D.N.Y. Apr. 15, 2013), report and recommendation adopted, 2013 WL 2383001 (E.D.N.Y. May 30, 2013). All parties that have liens or assert any interest in property involved must be joined in the action. 26 U.S.C. §§7403(b). Further, 26 U.S.C. 7403(c) states:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

26 U.S.C. § 7403(c).

Here, the NYSDTF, Southampton, and the Denardos were all joined in this action. See Compl. The NYSDTF and Southampton did not file an answer or otherwise move with respect to the Complaint. DE [28]. Similarly, the Denardos never filed an answer or otherwise moved with respect to the Complaint. DE [35]. Therefore, as all four defendants have been duly notified of the action, the court proceeds adjudicating the merits of all claims to and liens upon the property. See 26 U.S.C. § 7403(c).

 III.  Default Judgment

   A.  Willfulness

As to the first factor, a defendant failing to appear, answer the Complaint and failing to move in regard to the present motion adequately establishes willfulness. See McDermott, 2014 WL 1272566, at *3. An unexcused or unexplained failure to provide an answer to the Complaint

6

will also demonstrate willfulness. See S.E.C. v. McNulty, 137 F.3d 732, 738-39 (2d Cir. 1998). Failing to respond to both the Complaint and a motion for default judgment demonstrates willful conduct. Indymac Bank v. Nat'l Settlement Agency, Inc., 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007).

Plaintiff has submitted an affidavit of service to the Clerk of the Court for each of the four defendants, which demonstrates that a Summons and Complaint were served upon each defendant. The summonses issued as to the Denardos were entered as of June 15, 2015. DE [5]. The summonses issued as to the NYSDTF and the Southampton were also entered as of June 15, 2015. DE [6], [9]. Not a single defendant answered or requested more time respond to the Complaint. Clearly, both defendants' failure to respond to the Complaint demonstrates willfulness.

B. Meritorious Defense

The Court next considers whether the Defendants have a meritorious defense. A defense will be considered meritorious when it is "good at law" and gives the factfinder a determination to make. Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). A meritorious defense requires a presentation of facts that, if proven during trial, would establish a complete defense. McNulty, 137 F.3d at 740. The court cannot determine whether a defendant has a meritorious defense when the defendant fails to answer the Complaint. Empire State Carpenters Welfare v. Darken Architectural Wood, 2012 WL 194075, at *3 (E.D.N.Y. 2012). In these situations, the court's determination weighs in favor of granting the default judgment. See id. In this case, none of the four defendants provided an answer to the Complaint. Ultimately, granting this default judgment is favored and the facts set forth within Plaintiff's Complaint are admitted.

Nevertheless, Plaintiff's allegations within its Complaint being admitted do not necessarily demonstrate the validity of Plaintiff's claims. Plaintiff must show that these unanswered allegations establish each of the defendants' liability for each claim. See Said v. SBS Elecs., Inc., 2010 WL 1265186, at *2 (E.D.N.Y. 2010). Therefore, the Court assesses whether Plaintiff's allegations set forth within the Complaint assert valid claims.

As the court accepts all allegations in Plaintiff's Complaint as true, Plaintiff has alleged valid claims in accordance with 26 U.S.C. § 7401. "The district courts of the United States… shall have jurisdiction to make and issue in civil actions… orders… and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. §7402. Pursuant to 26 U.S.C. §7401, the United States may bring civil actions to collect penalties, fines and taxes in cases where the Secretary of the Treasury consents to the proceedings and the Attorney General (or through his agent) authorizes that the action be commenced. In this case, Plaintiff has adequately pleaded that each defendant may claim an interest in the property upon which the United States seeks to enforce its federal tax lien. See Compl. ¶¶ 4-6. Plaintiff further alleges that federal tax liens arose in favor of the United States upon all property and rights to property belonging to Ireland. See Compl. ¶¶ 8, 13. Because the federal tax liens arose in favor of all property and rights belonging to Ireland on the dates of the tax assessments, the United States' interest in the property holds precedence over each of the defendants. See Compl. ¶ 14. Lastly, pursuant to 26 U.S.C. §7401, Plaintiff claims that this action was brought with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States. See generally Compl. Thus, the Court finds that Plaintiff's allegations asserted within the Complaint state valid claims.

C. Prejudice

The final factor to consider is whether the moving party would be prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." See Bridge Oil Ltd., 2008 WL 5560868, at *2 (citing Mason Tenders, 2003 WL 1960584, at *3).  If a default judgment is not granted, Plaintiff will have no alternative legal redress to recover to enforce the federal tax liens on the Property.  Therefore, the final factor, prejudice, has been satisfied.

CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motions for default judgment, appearing as Docket Numbers 31 and 37, be granted. The Court further recommends that a judgment be entered in favor of Plaintiff against each defendant and that each of these defendants have no right, title, claim, lien or interest in the Property.

OBJECTIONS

A copy of this Report and Recommendation is being provided to Plaintiff's counsel via ECF.  The Court directs Plaintiff's counsel to (1) serve a copy of this Report and Recommendation by first class mail to each of the Defendants at their respective last known address(es), and (2) file proof of service on ECF within two days.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any request for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. Thomas v.

Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
August 8, 2016

      /s/   Anne Y. Shields_____
Anne Y. Shields
United States Magistrate Judge